## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BEATRIZ CORINA GARCIA | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. _____ |
| JOEL MICHAEL COURTOIS, | § | |
| TAP WORLDWIDE, LLC and | § | |
| POLARIS INDUSTRIES, INC. | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants Joel Michael Courtois ("Mr. Courtois"), TAP Worldwide, LLC ("TAP"), and Polaris Industries, Inc. ("Polaris") (collectively, "Defendants") file this Notice of Removal, and hereby remove the above-entitled civil action from the 274th District Court of Comal County, Texas, to the United States District Court for the Western District of Texas.  *See* 28 U.S.C. §§ 1441(a), 1446.

### GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION

1.     Defendants invoke their right to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over civil actions if the parties are citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

1

2.      In this case, all three Defendants are completely diverse from Plaintiff and the amount in controversy exceeds $75,000.  As a result, this Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

## PROCEDURAL HISTORY

3.      Mr. Courtois, TAP, and Polaris are Defendants in the civil action styled *Beatriz Corina Garcia vs. Joel Michael Courtois, TAP Worldwide, LLC, and Polaris Industries, Inc.*, Cause No. C2021-0347C, in the 274th District Court of Comal County, Texas ("state court action").

4.      Plaintiff Beatriz Corina Garcia ("Plaintiff") filed the state court action on March 5, 2021.  TAP and Polaris were served on March 24, 2021.  Mr. Courtois received notice of the state court action and filed his Original Answer, along with Polaris and TAP, on April 19, 2021.

5.      All Defendants consent to this removal.  By filing this Notice of Removal, Defendants do not waive their right to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure.

6.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served and/or filed in the state court action are attached to this Notice of Removal as Exhibit B.  An index of these documents is attached as Exhibit A.

## VENUE

7.      Venue is proper in this District and Division pursuant to section 1441(a), which permits removal to "the district court of the United States for the district and division embracing the place where [the state action] is pending."  28 U.S.C. § 1441(a).

## TIMELINESS OF REMOVAL

8.      As noted above, TAP and Polaris were served with process on March 24, 2021. Defendants filed this Notice of Removal on April 22, 2021.  Because Defendants filed this Notice of Removal within thirty days of service of Plaintiff's Original Petition and the state court action has been pending for less than one year, this Notice of Removal is timely.  *See id.* at § 1446(b).

## CITIZENSHIP OF THE PARTIES

9.      Plaintiff alleges she is a citizen of Texas.  Exhibit B at p. 1.

10.      Polaris is a Delaware corporation and has its principal place of business in Minnesota.  Accordingly, for jurisdictional purposes, Polaris is a citizen of Delaware and Minnesota.  *See* 28 U.S.C. § 1332(c)(1).

11.      TAP is a Delaware LLC whose sole member is Polaris Sales, Inc. which is a Minnesota corporation with its principal place of business in Minnesota.  Accordingly, for jurisdictional purposes, TAP is a citizen of Minnesota.  *See id.*; *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citizenship of LLC determined by citizenship of its members).

12.      Mr. Courtois is an individual residing in Guthrie, Oklahoma with an intention to permanently remain there.  Exhibit C, Declaration of Joel Courtois, at p. 1.  Accordingly, for jurisdictional purposes, Mr. Courtois is a citizen of Oklahoma.  *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019).

## LEGAL STANDARD FOR A NOTICE OF REMOVAL

13.      Section 1446(a) specifies that a notice of removal must contain "a short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).  This language purposefully tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure.  *Dart*

*Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (citing 14C C. Wright, A. Miller, E. Cooper, & J. Steinman, Federal Practice and Procedure § 3733, pp. 639–41 (4th ed. 2009)). "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Id.* (quoting H.R. Rep. No. 100–889, p. 71 (1988)).

## ARGUMENT AND AUTHORITIES

14.     Under 28 U.S.C. § 1332(a), district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). When multiple parties are involved, for diversity jurisdiction to be proper a "court must be certain that all Plaintiffs have a different citizenship from all defendants." *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1258 (5th Cir. 1988) (superseded by statute on other grounds). According to 28 U.S.C. § 1332(c)(1), a corporation is a citizen of the state of incorporation, as well as the state where its principal place of business or headquarters are located. For an individual, citizenship requires not only "[r]esidence in fact" but also "the purpose to make the place of residence one's home." *Midcap*, 929 F.3d at 313 (quoting *Texas v. Florida*, 306 U.S. 398, 424 (1939)). Diversity of citizenship must exist both at the time of filing the state action and at time of removal. *Ashford v. Aeroframe Servs., L.L.C.*, 907 F.3d 385, 386 (5th Cir. 2018).

### I.   The parties are completely diverse.

15.     Complete diversity exists because Plaintiff is a citizen of Texas, while no Defendant is a citizen of Texas. Polaris is a citizen of Delaware and Minnesota, as set forth above. TAP is a citizen of Minnesota. Mr. Courtois is a citizen of Oklahoma because he both resides there and has

4

an intention to remain their permanently as evidenced primarily by his relocating his family and purchasing a home at 465 Redbud Lane, Guthrie, Oklahoma 73044. Exhibit C at p. 1. Mr. Courtois moved to Oklahoma in October 2020 after being transferred to work as a District Sales Manager for the Northwest region of Oklahoma. *Id.* Plaintiff filed her state court action on March 5, 2021, after Mr. Courtois had become a citizen of Oklahoma.

16.     Accordingly, at the time of filing the state court action and at the time of removal, Mr. Courtois is a citizen of Oklahoma. TAP (citizen of Minnesota), Polaris (citizen of Delaware and Minnesota), and Mr. Courtois (citizen of Oklahoma), are completely diverse from Plaintiff who is a citizen of Texas.

**II. The amount in controversy exceeds $75,000.**

17.     Finally, the amount in controversy in this case exceeds the $75,000 threshold. *See* 28 U.S.C. § 1332(a). Plaintiff alleges in her Original Petition that she seeks monetary relief "over than $1,000,000.00." Exhibit B at p. 2; *see also* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of [diversity of citizenship], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . .").

18.     Based on the claims and damages sought, it is also "facially apparent" that Plaintiff is seeking more than $75,000. *Coburn v. Am. Gen. Life and Acc. Ins. Co.*, 2013 WL 2289937, at *1 (S.D. Tex. May 22, 2013) (Harmon, J) ("The defendant can [] demonstrate that it is 'facially apparent' that the claims are likely to be above $75,000 (looking at the types of claims and the nature of the damages sought)…"). Specifically, Plaintiff makes a negligence claim and seeks damages for "severe and permanent bodily injuries," including past and future medical bills, as well as past and future physical pain and suffering and mental anguish. *See* Exhibit B at p. 9–10. Thus, the amount in controversy requirement is satisfied.

5

19.    Because the parties joined and served are completely diverse and the amount in controversy exceeds $75,000, this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a).

## CONCLUSION AND PRAYER

20.    Defendants respectfully request that this Court issue the orders necessary to affect removal of this cause from the 274th District Court in Comal County, Texas, to this Court, and that this Court make such other orders as may be appropriate to effectuate the preparation and filing of a true record in this case of all proceedings that may have been had in the 274th District Court in Comal County, Texas.

April 22, 2021                            Respectfully submitted,

                                          BECK REDDEN LLP

                                          By:  */s/  Troy Ford*
                                                 Troy Ford
                                                 Texas Bar No.  24032181
                                                 Federal Bar No. 30253
                                                 tford@beckredden.com
                                                 M. Jake McClellan
                                                 jmcclellan@beckredden.com
                                                 Texas Bar No. 24109525
                                                 Federal Bar No. 3334447
                                          1221 McKinney, Suite 4500
                                          Houston, Texas 77010
                                          Phone:  (713) 951-3700
                                          Fax:  (713) 951-3720

                                          **ATTORNEYS FOR DEFENDANTS**

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 22, 2021, a true and correct copy of the foregoing has been served upon all parties on their attorneys contemporaneously with or before the filing of this pleading, in a manner authorized by the Federal Rule of Civil Procedure 5(b)(1).

Jerry V. Hernandez, Of Counsel
JerryH@davislaw.com
Carlos Garcia
CarlosG@davislaw.com
Jason Linnstaedter
JasonL@davislaw.com
DAVIS LAW FIRM
10500 Heritage Blvd. #102
San Antonio, Texas 78216

_/s/ Troy Ford_____
Troy Ford