# EXHIBIT B

To Notice of Removal

C2021-0347C
3/5/2021 4:32 PM
Heather N. Kellar
Comal County
District Clerk
Accepted By:
Neelima Akula

CAUSE NO. **C2021-0347C** _____

| | | |
|---|---|---|
| **BEATRIZ CORINA GARCIA** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **_____ DISTRICT COURT** |
| | § | |
| | § | |
| **JOEL MICHAEL COURTOIS,** | § | |
| **TAP WORLDWIDE, LLC and** | § | |
| **POLARIS INDUSTRIES, INC.** | § | **IN COMAL COUNTY, TEXAS** |
| *Defendants.* | | |

## PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED DISCOVERY

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff **BEATRIZ CORINA GARCIA,** and file this her Original Petition with Attached Discovery, complaining of **JOEL MICHAEL COURTOIS, TAP Worldwide, LLC, and POLARIS INDUSTRIES INC.** ("Defendants") and, on information and belief, state as follows:

### I.
### DISCOVERY LEVEL

Discovery shall be conducted in this case according to Level 2 discovery control plan.

### II.
### PARTIES/SERVICE

Plaintiff **BEATRIZ CORINA GARCIA** is an individual residing in the city of San Antonio, Bexar County, Texas.

Defendant **JOEL MICHAEL COURTOIS** is an individual residing in the City of New Braunfels, Comal County, Texas, and may be served with process at his residence located at **2339 Jeffrey Lane, New Braunfels, Texas 78130, or wherever he may be found**.

Defendant **TAP Worldwide, LLC** is a Delaware corporation, doing business in the State of Texas and may be served with process through its registered agent, **C.T. CORPORATION**

**SYSTEM located at 1999 Bryan Street, Suite 900, Dallas, TX 75201, or wherever it may be found.**

Defendant **POLARIS INDUSTRIES INC.** is a Delaware corporation, doing business in the State of Texas and may be served with process through its registered agent, **C.T. CORPORATION SYSTEM located at 1999 Bryan Street, Suite 900, Dallas, TX 75201, or wherever it may be found.**

### III.
### JURISDICTION AND VENUE

This Court has jurisdiction over the parties named herein because Defendants are residents and citizens of the State of Texas and/or routinely and regularly conduct business in this State.

Venue is proper in COMAL County, Texas, pursuant to §15.002(a)(1) of the TEXAS CIVIL PRACTICE & REMEDIES CODE because the accident made the basis of this suit occurred in COMAL County, Texas.

Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, Texas Rule of Civil Procedure 47 requires Plaintiff to affirmatively plead the amount of damages sought. In compliance with the rule, Plaintiff in good faith states that she seeks monetary relief in this case of over $1,000,000.00.

### IV.
### FACTS

On or about September 13, 2019, Plaintiff **BEATRIZ CORINA GARCIA** was operating her vehicle in a lawful manner traveling south on the Frontage Road of IH 35 South near the intersection of the Frontage Road and the 100 block of S. Walnut Avenue in New Braunfels, Texas. When Plaintiff **BEATRIZ CORINA GARCIA** stopped at a red light, Defendant **JOEL**

**MICHAEL COURTOIS** failed to keep a proper lookout, failed to take proper evasive action, failed to control his speed, and failed to effectively use his brakes and collided with the rear-end Plaintiff's vehicle. At the time of the collision, Defendant **JOEL MICHAEL COURTOIS** was driving in the course and scope of his employment with Defendant **TAP Worldwide, LLC.** and was driving a vehicle owned by Defendant **POLARIS INDUSTRIES INC.** and/or was a permissive user of **POLARIS INDUSTRIES INC.'s** vehicle. As a result of the collision, Plaintiff sustained serious injuries and damages that will require surgery.

## V.
## NEGLIGENCE, NEGLIGENCE PER SE AND GROSS NEGLIGENCE OF DEFENDANT JOEL MICHAEL COURTOIS

Defendant **JOEL MICHAEL COURTOIS** operated his commercial vehicle in a negligent manner because he violated the duty that he owed Plaintiff to exercise ordinary care in the operation of the commercial vehicle in one or more of the following respects:

a. in failing to timely apply the brakes in an effort to avoid the collision in question;

b. in failing to drive defensively to avoid the collision;

c. in failing to make safe decisions while driving;

d. in driving their vehicles in willful or wanton disregard for the safety of persons and/or property, including Plaintiff, in violation of Texas Transportation Code § 545.401;

e. in failing to control their speed, in violation of Texas Transportation Code § 545.351;

f. in violation of numerous provisions of the Tex. Transp. Code and the Federal Motor Safety Carrier Act;

g. in failing to keep an assured clear distance between his vehicle and Plaintiffs' vehicle;

3

h.  in failing to yield the right of way;

i.  in failing to stop at a proper place;

j.  In failing to maintain an assured safe distance between his vehicle and the Plaintiff's vehicle, which constitutes common law negligence and negligence per se as it is in violation of Texas Transportation Code § 545.062(a); and

k.  Failing to maintain a proper lookout, which constitutes common law negligence and negligence per se as it is in violation of Texas Transportation Code § 545.417(a).

Defendant **JOEL MICHAEL COURTOIS** actions also constitute *negligence per se*, as a result of violations of the above provisions of the Texas Transportation Code.

Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses to Plaintiff, all of which Plaintiff suffered and will continue to suffer in the future, if not for the remainder of her natural life.

Plaintiff hereby alleges that the negligence of Defendant **JOEL MICHAEL COURTOIS** was more than momentary thoughtlessness or inadvertence. Rather, the Defendant **JOEL MICHAEL COURTOIS's** conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff.  Defendant **JOEL MICHAEL COURTOIS** had actual, subjective awareness of the risk involved but nevertheless proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff. These acts constitute gross negligence and/or malice as defined by Sec. 41.001 *et. seq*. Texas Civil Practice and Remedies Code, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which the Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

4

## VI.
## NEGLIGENCE, RESPONDEAT SUPERIOR, AND GROSS NEGLIGENCE OF DEFENDANT TAP WORLDWIDE, LLC.

Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth in full in this section.

At the time of the occurrence of the act in question and immediately prior thereto, Defendant **JOEL MICHAEL COURTOIS** was driving a commercial vehicles in furtherance of the business of Defendant **TAP Worldwide, LLC.**

At the time of the occurrence of the act in question and immediately prior thereto, Defendant **JOEL MICHAEL COURTOIS** was engaged in the furtherance of Defendant **TAP Worldwide, LLC.'s** business and/or was in the course and scope of his employment with it.

Plaintiff invokes the doctrine of *respondeat superior* against Defendant **TAP Worldwide, LLC.** Defendants are liable under the doctrine of *respondeat superior* in that Defendant **JOEL MICHAEL COURTOIS** was operating a vehicle in the course and scope of his employment with Defendant **TAP Worldwide, LLC.**

Defendant **TAP Worldwide, LLC.** is also negligent in one or more of the following respects:

   a.   Negligent hiring of its driver;

   b.   Negligent training;

   c.   Negligent supervision;

   d.   Negligent retention;

   e.   Negligent entrustment of Defendant **TAP Worldwide, LLC.** vehicle to Defendant **JOEL MICHAEL COURTOIS**;

5

f.      Defendant **TAP Worldwide, LLC.** failed to properly maintain the vehicle involved in the incident;

g.      Defendant **TAP Worldwide, LLC.** failed to adequately inspect the vehicle to prevent collisions by its employees;

h.      Defendant **TAP Worldwide, LLC.** failed to implement adequate safety programs for the prevention of collisions by its employees in violation of motor carrier fleet industry standards; and

i.      Defendants failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its drivers occurred.

As described herein, Defendant **TAP Worldwide, LLC.** was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

Each of these acts and/or omissions whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice, which proximately caused the collision and injuries and other losses to Plaintiff, all of which Plaintiff suffered.

Plaintiff hereby alleges that the negligence of Defendants was more than momentary thoughtlessness or inadvertence. Rather, the Defendant **TAP Worldwide, LLC.**'s conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant **TAP Worldwide, LLC.** had actual, subjective awareness of the risk involved but nevertheless proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff. These acts constitute gross negligence and/or malice as defined by Sec. 41.001 *et. seq.* Texas Civil Practice and Remedies Code, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which the Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

6

## VII.
## NEGLIGENCE, RESPONDEAT SUPERIOR, AND GROSS NEGLIGENCE OF DEFENDANT POLARIS INDUSTRIES INC.

Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth in full in this section.

At the time of the occurrence of the act in question and immediately prior thereto, Defendant **JOEL MICHAEL COURTOIS** was driving a commercial vehicles in furtherance of the business of Defendant **POLARIS INDUSTRIES INC.**

At the time of the occurrence of the act in question and immediately prior thereto, Defendant **JOEL MICHAEL COURTOIS** was engaged in the furtherance of Defendant **POLARIS INDUSTRIES INC.'s** business and/or was in the course and scope of his employment with it.

Plaintiff invokes the doctrine of *respondeat superior* against Defendant **POLARIS INDUSTRIES INC..** Defendants are liable under the doctrine of *respondeat superior* in that Defendant **JOEL MICHAEL COURTOIS** was operating a vehicle in the course and scope of his employment with Defendant **POLARIS INDUSTRIES INC.**

Defendant **POLARIS INDUSTRIES INC.** is also negligent in one or more of the following respects:

a.  Negligent hiring of its driver;

b.  Negligent training;

c.  Negligent supervision;

d.  Negligent retention;

e.  Negligent entrustment of Defendant **POLARIS INDUSTRIES INC.** vehicle to Defendant **JOEL MICHAEL COURTOIS**;

7

f.    Defendant **POLARIS INDUSTRIES INC.** failed to properly maintain the vehicle involved in the incident;

g.    Defendant **POLARIS INDUSTRIES INC.** failed to adequately inspect the vehicle to prevent collisions by its employees;

j.    Defendant **POLARIS INDUSTRIES INC.** failed to implement adequate safety programs for the prevention of collisions by its employees in violation of motor carrier fleet industry standards; and

k.    Defendants failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its drivers occurred.

As described herein, Defendant **POLARIS INDUSTRIES INC.** was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

Each of these acts and/or omissions whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice, which proximately caused the collision and injuries and other losses to Plaintiff, all of which Plaintiff suffered.

Plaintiff hereby alleges that the negligence of Defendants was more than momentary thoughtlessness or inadvertence. Rather, the Defendant **POLARIS INDUSTRIES INC.** conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant **POLARIS INDUSTRIES INC.** had actual, subjective awareness of the risk involved but nevertheless proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff. These acts constitute gross negligence and/or malice as defined by Sec. 41.001 *et. seq.* Texas Civil Practice and Remedies Code, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which the Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

8

## VIII.
## DAMAGES BEATRIZ CORINA GARCIA

As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiff suffered severe and permanent bodily injuries to her head, neck, back and body generally. The injuries have had a serious effect on the Plaintiff's health and well-being. These specific injuries and their ill effects have, in turn, caused Plaintiff physical and mental condition to deteriorate generally and the specific injuries and ill effects have and will, in reasonable probability, cause her to suffer consequences and ill effects of this deterioration throughout Plaintiff's body in the future, if not for the balance of her natural life. Plaintiff has also suffered great physical and mental pain, suffering and anguish and, in reasonable probability, will continue to suffer in this manner in the future, if not for the balance of her natural life.

Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has incurred the following damages:

a.     Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of her injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the locality where they were incurred;

b.     Reasonable and necessary medical care and expenses, which will, in all reasonable probability, be incurred in the future;

c.     Physical pain and suffering in the past;

d.     Physical pain and suffering, which will, in all reasonable probability, be suffered in the future;

e.     Physical impairment in the past;

f.     Physical impairment, which will, in all reasonable probability, be suffered

9

in the future;

g.    Lost wages in the past;

h.    Loss of earning capacity, which will, in all reasonable probability be incurred in the future;

i.    Mental anguish in the past;

j.    Mental anguish which will, in all reasonable probability be suffered in the future;

k.    Fear of future disease or condition;

l.    Disfigurement;

m.    Cost of medical monitoring and prevention in the future;

n.    Loss of household services.

Each of the aforesaid acts and omissions, taken singularly or in combination, constitutes negligence and/or negligence per se and was a proximate cause of injuries and damages to the Plaintiff. Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court. Because Texas Rule of Civil Procedure 47 requires Plaintiff to affirmatively plead the amount of damages sought, in compliance with the rule Plaintiff in good faith states that she seeks monetary relief of over $1,000,000.00.

## IX.
## EXEMPLARY DAMAGES

Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth in full in this section.

The above-referenced acts and/or omissions by Defendants constitute gross negligence as that term is defined in Section 41.001(11) Texas Civil Practice and Remedies Code. Defendants were heedless and reckless, constituting an extreme degree of risk, considering the probability and

magnitude of the potential harm to others, and Defendants were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk involved of the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others. Therefore, for such malice on behalf of Defendants, Plaintiff sue for exemplary damages in an amount to be determined at trial.

## X.
## INTEREST

Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## XI.
## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.  Plaintiff acknowledges payment this date of the required jury fee.

## XII.
## REQUEST FOR DISCLOSURE

Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are requested to disclose the information and material described in each section of RULE 194.2.

## XIII.
## NOTICE OF SELF-AUTHENTICATION

11

Pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff hereby gives actual notice to Defendants that any documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such documents and materials may be used as evidence against the party producing the documents and materials at any pretrial proceeding and/or at trial of this case without the necessity of authenticating the documents and/or materials produced in discovery.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for actual damages as alleged and exemplary damages, in an amount within the jurisdictional limits of this Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

12

Respectfully submitted,

**DAVIS LAW FIRM**
10500 Heritage Blvd. #102
San Antonio, Texas 78216
Telephone: (210) 293-1000
Fax: (210) 870-1475

By: _____/s/ Jerry V. Hernandez_____
   **JERRY V. HERNANDEZ, OF COUNSEL**
   State Bar No. 09516870
   JerryH@davislaw.com
   **CARLOS GARCIA**
   State Bar No. 07631350
   CarlosG@davislaw.com
   **JASON LINNSTAEDTER**
   State Bar No. 24096521
   JasonL@davislaw.com

   **ATTORNEYS FOR PLAINTIFF**

13

 CT Corporation

**Service of Process Transmittal**
03/24/2021
CT Log Number 539265353

TO:     Becky Sullwold
        Polaris, Inc.
        2100 Highway 55
        Medina, MN 55340-9770

RE:     **Process Served in Texas**

FOR:    Polaris Industries Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | BEATRIZ CORINA GARCIA, Pltf. vs. JOEL MICHAEL COURTOIS, et al., Dfts. // To: POLARIS INDUSTRIES, INC. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # C20210347C |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/24/2021 at 01:32 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/24/2021, Expected Purge Date: 03/29/2021<br><br>Image SOP<br><br>Email Notification,  Becky Sullwold  becky.sullwold@polaris.com<br><br>Email Notification,  Jody Rusch  Jody.Rusch@polaris.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information included in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                     Wed, Mar 24, 2021

**Server Name:**              Michael Hernandez

| Entity Served | POLARIS INDUSTRIES INC. |
|---|---|
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | C2021-0347C |
| Jurisdiction | TX |







**CIVIL CITATION-AGENT**
**THE STATE OF TEXAS**
C2021-0347C

TO:  Polaris Industries, Inc.
upon whom process of service may be had by serving

CT CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS, TEXAS 75201

Defendant, Greeting:

YOU HAVE BEEN SUED.  You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org".

 Said Plaintiff's ORIGINAL Petition was filed in said Court, on 5th day of March, 2021A.D. in this cause numbered C2021-0347C on the docket of said 274th District Court, and styled,

**BEATRIZ CORINA GARCIA VS. JOEL MICHAEL COURTOIS; TAP WORLDWIDE, LLC; POLARIS INDUSTRIES, INC.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL Petition, accompanying this citation, and made a part hereof.

ATTORNEY FOR PLAINTIFF:          JERRY V. HERNANDEZ
                                 10500 HERITAGE BLVD., STE. 102
                                 SAN PEDRO, TEXAS 78261

The officer executing this writ shall forthwith serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and the seal of said court at New Braunfels, Texas, this the 8th day of March, 2021 A.D.



HEATHER N. KELLAR
DISTRICT CLERK
COMAL COUNTY, TEXAS
199 MAIN PLAZA, SUITE 2063
NEW BRAUNFELS, TEXAS 78130

By_____, DEPUTY
          Nubia Salas

**RETURN OF SERVICE**
**CAUSE NO: C2021-0347C**

BEATRIZ CORINA GARCIA
VS.
JOEL MICHAEL COURTOIS, TAP WORLDWIDE, LLC, POLARIS INDUSTRIES, INC.

Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant _____,
on the _____ day of _____, 20_____.

_____, Officer

_____, County, Texas

By: _____, Deputy

**OFFICER'S RETURN**

Came to hand on the_____day of _____, 20_____, at_____ o'clock _____M., and executed in
_____ County, Texas, by delivering to each of the within named defendants, in person, a true copy of this
Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the plaintiff's
petition, at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|------|------|------|------------------------------------------|
|      |      |      |                                          |
|      |      |      |                                          |

And not executed as to the defendant,_____
the diligence used in finding said defendant, being:_____
and the cause or failure to execute this process is:
_____
and the information received as to the whereabouts of said defendant(s) being:
_____

FEES-Serving Petition and Copy $65.00      _____, Officer

_____, County, Texas

By: _____, Deputy

_____, Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall
sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff,
constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following
statement:
" My name is _____, my date of birth is _____, and my address is
              (First, Middle, Last)
_____.
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.
Executed in _____County, State of _____, on the _____day of _____.

_____     _____
   Declarant/Authorized Process Server       (ID # & expiration of certification)
SUBSCRIBED AND SWORN TO BEFORE ME by the said_____this the _____day of
_____ 20_____to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas
Notary's Name Printed:

_____
My commission expires_____

 **CT Corporation**

**Service of Process Transmittal**
03/24/2021
CT Log Number 539265367

**TO:**   Noemi Trigo
Polaris, Inc.
400 W ARTESIA BLVD
COMPTON, CA 90220-5501

**RE:**   **Process Served in Texas**

**FOR:**   TAP Worldwide, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | BEATRIZ CORINA GARCIA, Pltf. vs. JOEL MICHAEL COURTOIS, et al., Dfts. // To: TAP Worldwide, LLC |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # C20210347C |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/24/2021 at 01:32 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780129044189 |
| | Image SOP |
| | Email Notification,  Noemi Trigo  ntrigo@4wp.com |
| | Email Notification,  Becky Sullwold  becky.sullwold@polaris.com |
| | Email Notification,  Jody Rusch  Jody.Rusch@polaris.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Wed, Mar 24, 2021

**Server Name:**             Michael Hernandez

| Entity Served | TAP WORLDWIDE, LLC |
|---|---|
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | C2021-0347C |
| Jurisdiction | TX |







**CIVIL CITATION-AGENT**
**THE STATE OF TEXAS**
C2021-0347C

TO:  TAP Worldwide, LLC
upon whom process of service may be had by serving

**CT CORPORATION SYSTEM**
**1999 BRYAN STREET, SUITE 900**
**DALLAS, TEXAS 75201**

Defendant, Greeting:

YOU HAVE BEEN SUED.  You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org".

 Said Plaintiff's ORIGINAL Petition was filed in said Court, on 5th day of March, 2021A.D. in this cause numbered C2021-0347C on the docket of said 274th District Court, and styled,

**BEATRIZ CORINA GARCIA VS. JOEL MICHAEL COURTOIS; TAP WORLDWIDE, LLC; POLARIS INDUSTRIES, INC.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL Petition, accompanying this citation, and made a part hereof.

ATTORNEY FOR PLAINTIFF:          JERRY V. HERNANDEZ
                                 10500 HERITAGE BLVD., SUITE 102
                                 SAN PEDRO, TEXAS 78261

The officer executing this writ shall forthwith serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and the seal of said court at New Braunfels, Texas, this the 8th day of March, 2021 A.D.



HEATHER N. KELLAR
DISTRICT CLERK
COMAL COUNTY, TEXAS
199 MAIN PLAZA, SUITE 2063
NEW BRAUNFELS, TEXAS 78130

By_____, DEPUTY
              Nubia Salas

**RETURN OF SERVICE**
**CAUSE NO: C2021-0347C**

BEATRIZ CORINA GARCIA
VS.
JOEL MICHAEL COURTOIS,TAP WORLDWIDE, LLC,POLARIS INDUSTRIES, INC.

Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant _____,
on the _____ day of _____, 20_____.

_____, Officer

_____, County, Texas

By: _____, Deputy

**OFFICER'S RETURN**

Came to hand on the_____day of _____, 20_____, at_____ o'clock _____M., and executed in
_____ County, Texas, by delivering to each of the within named defendants, in person, a true copy of this
Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the plaintiff's
petition, at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

And not executed as to the defendant,_____
the diligence used in finding said defendant, being:_____
and the cause or failure to execute this process is:
_____
and the information received as to the whereabouts of said defendant(s) being:
_____

FEES-Serving Petition and Copy $65.00          _____, Officer
_____, County, Texas
By: _____, Deputy
_____, Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT,**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall
sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff,
constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following
statement:
" My name is _____, my date of birth is _____, and my address is
          (First, Middle, Last)

_____.
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.
Executed in _____County, State of _____, on the _____day of _____.

_____          _____
   Declarant/Authorized Process Server          (ID # & expiration of certification)
SUBSCRIBED AND SWORN TO BEFORE ME by the said_____this the _____day of
_____ 20_____to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas
Notary's Name Printed:

_____
My commission expires_____

FILED
C2021-0347C
4/16/2021 4:42 PM
Heather N. Kellar
Comal County
District Clerk
Accepted By:
Nubia Salas

CAUSE NO. C2021-0347C

| | | |
|---|---|---|
| BEATRIZ CORINA GARCIA | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | 274th DISTRICT COURT |
| | § | |
| | § | |
| JOEL MICHAEL COURTOIS, | § | |
| TAP WORLDWIDE, LLC and | § | |
| POLARIS INDUSTRIES, INC. | § | |
| Defendants. | § | IN COMAL COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER

Defendants Joel Michael Courtois ("Courtois"), TAP Worldwide, LLC ("TAP"), and Polaris Industries, Inc. ("Polaris") file this Original Answer in response to Plaintiff Beatriz Corina Garcia's ("Plaintiff") Original Petition.  In support thereof, Defendants would respectfully show the Court as follows:

### GENERAL DENIAL

1.      Defendants assert a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure, hereby denying each and every, all and singular, of the material allegations in the Petition, and demand that Plaintiff be required to prove her charges and allegations against Defendants as required by the Constitution and laws of the State of Texas.

### AMENDMENT AND SUPPLEMENTATION OF ANSWER

2.      Defendants reserve their right to amend and/or supplement their answer pursuant to the Texas Rules of Civil Procedure and orders of the Court.

2328.019/1609350

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff take nothing by her claims; that Defendants recover their cost of the proceeding; and that Defendants be granted such other and further relief, at law or in equity, to which they may show themselves justly entitled.

Dated: April 16, 2021.                    Respectfully submitted,

                    **BECK REDDEN LLP**

                    By:___/s/ Troy R. Ford_____
                         Troy Ford
                         Texas Bar No.  24032181
                         tford@beckredden.com
                         M. Jake McClellan
                         Texas Bar No. 24109525
                         jmclellan@beckredden.com
                    1221 McKinney, Suite 4500
                    Houston, Texas 77010
                    Phone:  (713) 951-3700
                    Fax:  (713) 951-3720

                    **ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document was served in compliance with the Texas Rules of Civil Procedure on this 16th day of April 2021, to all counsel of record.

Jerry V. Hernandez, Of Counsel
JerryH@davislaw.com
Carlos Garcia
CarlosG@davislaw.com
Jason Linnstaedter
JasonL@davislaw.com
DAVIS LAW FIRM
10500 Heritage Blvd. #102
San Antonio, Texas 78216

                              ___/s/  Troy Ford_____
                                   Troy Ford

2