IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BEATRIZ CORINA GARCIA, | § § | |
| *Plaintiff,* | § § § | SA-21-CV-00409-JKP |
| vs. | § § § | |
| JOEL MICHAEL COURTOIS, POLARIS INDUSTRIES, INC., | § § § § | |
| *Defendants.* | § § | |

# **ORDER**

Before the Court in the above-styled cause of action is the Amended Motion to Intervene [#17], filed by United Services Automobile Association ("USAA"). Although district courts in this Circuit are split over whether a motion to intervene is a dispositive or non-dispositive motion, the District Court has expressly referred the motion for resolution by order pursuant to 28 U.S.C. § 636(b)(1)(A) [#20].

USAA filed its amended motion to intervene on September 23, 2021, making any response to the motion due on or before October 7, 2021. *See* W.D. Tex. Loc. R. CV-7(d)(2) (response to any motion other than discovery or case management motion due no later than 14 days after motion's filing). To date, neither Plaintiff nor Defendants have filed a response in opposition to the requested intervention. If there is no response filed within the time period prescribed by the Court's Local Rules, the Court may grant the motion as unopposed. *See id.*

USAA's motion seeks intervention pursuant to Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure and argues leave should be permitted because it has claims against Defendant Joel Michael Courtois that share common questions of law and fact as the claims asserted in this lawsuit. Rule 24(b)(1)(B) governs permissive intervention and allows a court to permit

1

intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact." "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).  The Court finds that USAA's proposed complaint in intervention shares common questions of law and fact with the claims at issue in this action and USAA's intervention will not unduly delay or prejudice the adjudication of the original parties' rights.

Plaintiff's First Amended Complaint [#15], which is the current live pleading, alleges that Plaintiff's vehicle was hit by a vehicle operated by Defendant Joel Michael Courtois while stopped at a red light on the Frontage Road of IH 35 in New Braunfels, Texas.  Plaintiff claims that, at the time of the collision, Courtois was driving in the course and scope of his employment with Defendant Polaris Industries or was a permissive user of a vehicle owned by Polaris Industries.  Plaintiff asserts various claims of negligence against both Defendants and seeks to recover damages for the personal injuries she allegedly suffered as a result of the collision.

USAA has submitted a proposed complaint in intervention as required by Rule 24(c). USAA's proposed complaint alleges that at the time of the accident, the vehicle driven by Plaintiff was insured under an automobile policy issued by USAA to James Starcher and Plaintiff was a covered operator of the vehicle.  USAA further claims that it made medical payments on behalf of Plaintiff, after receiving proof of loss, in the amount of $12,799.39, thereby becoming subrogated to that amount.  USAA's proposed complaint in intervention alleges Defendants' negligence caused injury to Plaintiff, which caused USAA to incur damages in the amount of its payments on Plaintiff's behalf.  USAA seeks damages from Defendants in the full amount of these payments.

In light of the lack of opposition from any party on the intervention and the common questions of law and fact raised by the proposed complaint of USAA, the Court exercises its discretion to permit intervention by USAA in this case.

**IT IS HEREBY ORDERED** that USAA's Amended Motion to Intervene [#17] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to docket USAA's proposed Complaint in Intervention [#17-1].

SIGNED this 8th day of October, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE