IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BEATRIZ CORINA GARCIA, | § | |
| | § | |
| *Plaintiff,* | § | SA-21-CV-00409-JKP |
| | § | |
| vs. | § | |
| | § | |
| JOEL MICHAEL COURTOIS,  POLARIS | § | |
| INDUSTRIES, INC., | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Before the Court in the above-styled cause of action is Defendants' Opposed Motion to Compel Physical Examination of Plaintiff [#28].  By their motion, Defendants ask the Court to order Plaintiff to submit to an independent medical examination pursuant to Federal Rule of Civil Procedure 35.  The Court held a hearing on the motion on February 14, 2022, at which Plaintiff and Defendants appeared through counsel.  After reviewing the parties' written filings pertaining to the motion [#30, #31, #32] and considering the arguments of counsel at the hearing, the Court issued certain oral rulings, which it now memorializes with this written Order.

## I.  Background

This case arises out of a motor-vehicle accident between a vehicle operated by Plaintiff and a commercial vehicle operated by Defendant Joel Michael Courtois in the scope of his employment with Defendant Polaris Industries.  Plaintiff filed this case in state court, seeking damages for personal injuries allegedly caused by the accident.  Defendants removed the case based on diversity jurisdiction, and Plaintiff subsequently filed the Second Amended Complaint, which is the live pleading.  Plaintiff's Second Amended Complaint asserts various negligence causes of action against Defendants—negligence and negligence *per se* against Courtois and

1

direct negligence (negligent hiring, training, supervision, etc.), gross negligence, and *respondeat superior* liability against Polaris Industries.

Following removal, United Services Automobile Association ("USAA") was granted permission to intervene in this suit as the insurer of Plaintiff's vehicle.  USAA has made medical payments on behalf of Plaintiff, after receiving proof of loss, and seeks subrogation in the amount of its payments.  USAA is not a party to the motion currently before the Court and did not appear at the hearing.

Defendants now move for an order compelling Plaintiff to submit to an independent medical examination.  The record reflects that the parties originally had reached an agreement that Plaintiff would submit to an examination and represented as much to the Court.  (*See* Joint Mtn. to Amend [#26], at 1 ("Plaintiff and Defendants have agreed that an independent medical examination (IME) of the plaintiff will be conducted and are working out the details of same.").) However, disputes have arisen about the details and scope of the examination, requiring Court intervention.  For the reasons that follow, the Court will grant Defendants' motion.

## II.  Analysis

Rule 35(a) of the Federal Rules of Civil Procedure empowers a court to order an independent medical examination of a party by a suitably licensed or certified examiner when (1) the party's physical or mental condition is in controversy; (2) the expert is either a physician or psychologist; and (3) good cause is shown. Fed. R. Civ. P. 35(a); *Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 208 (5th Cir. 1990).  The Court's order for an examination "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it."  Fed. R. Civ. P. 35(a)(2)(B).

Defendants argue that Plaintiff has placed her physical condition in controversy by alleging physical injuries to her neck and back from the car accident in question and seeking approximately $285,000 in future medical care, including spinal surgeries. (Initial Disclosures [#28-3], at 10.) Defendants propose Dr. Edward Pettyjohn, an orthopedic surgeon, to conduct the examination at South Texas Spine Clinic and request that Dr. Pettyjohn be permitted to perform any x-rays and/or MRI imaging of Plaintiff's alleged injuries on the day of the examination, if necessary.

Plaintiff raises several objections to the requested examination in her response to Defendants' motion. First, Plaintiff argues that Defendants have failed to show the good cause required under Rule 35. Second, Plaintiff opposes the selection of Dr. Pettyjohn as the examiner and asks the Court to appoint a physician to conduct the examination. Third, Plaintiff requests that her counsel be permitted to attend the examination or, alternatively, that the exam be recorded by audio and video. Finally, Plaintiff opposes Defendants' request that the examiner be permitted to perform any additional x-rays and MRIs during the exam. The Court finds that none of Plaintiff's objections are well-founded.

A.    **There is good cause for the requested examination.**

There is good cause for an independent medical examination of Plaintiff. This case is a personal-injury action, through which Plaintiff seeks to recover significant monetary damages to compensate her for medical care and expenses, physical impairment, loss of earning capacity, disfigurement, and loss of household services, among other losses. (Second Am. Compl. [#15], at ¶ 21.) The Supreme Court has recognized that under certain circumstances, "the pleadings alone are sufficient to meet [Rule 35's] requirements." *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964). "For instance, a plaintiff who alleges physical injury in a personal injury lawsuit

resulting from a motor vehicle accident 'places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.'" *Fret v. Melton Truck Lines, Inc.*, No. SA-15-CV-00710-OLG, 2015 WL 13659509, at *1 (W.D. Tex. Oct. 29, 2015) (quoting *Schlagenhauf*, 379 U.S. at 119)).  Plaintiff's pleadings alone place her physical condition in controversy and supply the good cause required under Rule 35 for a medical examination of her neck and spine.

**B.      Dr. Pettyjohn may conduct the examination.**

Plaintiff objects to Dr. Pettyjohn conducting the examination.  Yet, Plaintiff does not provide the Court with the basis for the objection, aside from the fact that Dr. Pettyjohn was selected by Defendants.  When pressed at the hearing, Plaintiff could not articulate any substantive reason why Dr. Pettyjohn is not qualified to perform the examination.  Nor has Plaintiff provided the Court with a suggestion of who it might appoint in his stead.

One of the purposes of Rule 35 is to "preserve the equal footing of the parties."  *Ornelas v. S. Tire Mart, LLC*, 292 F.R.D. 388, 392 (S.D. Tex. 2013) (internal quotation and citation omitted).  Courts in this Circuit have repeatedly found that this purpose supports the conclusion that a defendant, upon establishing good cause, may select its own expert to conduct the examination.  *See, e.g.*, *Shadix-Marasco v. Austin Reg'l Clinic P.A.*, No. A-09-CA-891-LY, 2011 WL 2011483, at *3 (W.D. Tex. May 20, 2011).  Permitting Defendants to select Dr. Pettyjohn as examiner preserves the parties' equal footing and advances the overarching purpose of Rule 35 in allowing a defendant to substantively challenge a plaintiff's claim, as opposed to being limited merely to cross-examination of the plaintiff's physicians.  *See Ornelas*, 292 F.R.D. at 392. Absent any actual objection to the qualifications of Dr. Pettyjohn, the Court finds him to be "suitably licensed" to conduct the examination under Rule 35.

C.      **Counsel's Presence at the Examination**

Plaintiff requests the presence of her counsel at the examination or the recording of the exam.  Rule 35 does not address either of these requests.  Courts faced with similar disputes have concluded that the request for a third party or the presence of recording equipment at the examination is akin to requesting a protective order that departs from typical examination protocol and should be governed by general rules of discovery.  *See, e.g.*, *id.* at 395–96 (collecting cases and finding "the greater weight of federal authority favors the exclusion of the plaintiff's attorney from such an exam absent special circumstances").

As the party seeking protection, Plaintiff bears the burden to establish that there is cause for Plaintiff's counsel's presence at the examination.  *See id.* at 395 (citing Fed. R. Civ. P. 26(c)).  Although a mental exam, for example, might implicate the need for additional layers of protection from harm, Plaintiff has not articulated any reason that the presence of counsel is needed, aside from a general desire to monitor the exam.  The Court agrees with those district courts that have concluded that the presence of counsel at an independent medical exam, absent a showing of specific good cause, would subvert the purpose of Rule 35 and turn the examination into an adversarial proceeding.  *See id.* at 396 (collecting cases).  Plaintiff has not provided the Court with any basis to allow her attorney to attend the examination.

Additionally, the Court will not permit the audio or video recording of the examination for the same reason.  Plaintiff has not met her burden to demonstrate the factual basis or specialized need for this request.  Plaintiff will have the ability to cross-examine Mr. Pettyjohn at trial, just as Defendants will have the opportunity to cross-examine Plaintiff's physicians.  To allow the recording of the examination would undermine the equal footing of the parties.

**D.      Dr. Pettyjohn may conduct additional MRIs or x-rays of Plaintiff's claimed injuries, in his discretion, at the time of the examination.**

Defendants ask the Court to permit Dr. Pettyjohn to conduct additional scans of Plaintiff's injured areas at the time of the examination.  As Plaintiff's alleged injuries are primarily to her neck and spine—areas that are not always easy to assess and diagnose solely through external examination—the Court finds the requested scans to be within the scope of an orthopedic examination.  However, if the examining physician deems additional tests necessary beyond MRIs or x-rays of Plaintiff's injured areas, the parties will need to either reach an agreement as to the tests or return to the Court for an additional order.

**IT IS THEREFORE ORDERED that** Defendants' Opposed Motion to Compel Physical Examination of Plaintiff [#28] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall submit to a medical examination by Dr. Edward Pettyjohn and such assistants and colleagues as Dr. Pettyjohn may call upon to assist him with the examination.  Dr. Pettyjohn and his assistants and colleagues may perform x-rays and/or MRI imaging of Plaintiff's claimed condition on the day of the examination, in their discretion.  No counsel, employees, agents, or other representatives may attend the examination, and the examination may not be recorded by videotape or audiotape.

**IT IS FURTHER ORDERED** that counsel for Plaintiff shall provide any additional imaging, scans, or medical records not previously provided to counsel for Defendants not later than one week before the scheduled examination.

**IT IS FURTHER ORDERED** that the parties confer and schedule a time for the examination to occur within three weeks at the following location:

South Texas Spinal Clinic, P.A.

Dr. Edward Pettyjohn
18626 Hardy Oak Blvd., Suite 300
San Antonio, Texas 78258
(210) 495-9047

**IT IS SO ORDERED.**

SIGNED this 15th day of February, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

7