IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BEATRIZ CORINA GARCIA, | § § § | |
| *Plaintiff,* | § § | SA-21-CV-00409-JKP |
| vs. | § § § | |
| JOEL MICHAEL COURTOIS, POLARIS INDUSTRIES, INC., | § § § § | |
| *Defendants.* | § § | |

**ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Motion for Leave to File Supplemental Expert Designations [#38]. By her motion, Plaintiff asks the Court to permit her to designate four additional non-retained experts beyond the deadline imposed by the governing scheduling order. Defendants have filed a response in opposition to the motion [#42], and the motion is ripe for review.

The District Court has referred this case for all non-dispositive pretrial proceedings. Therefore, the undersigned has jurisdiction to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons that follow, the Court will deny the motion.

The Second Amended Scheduling Order [#27], entered on December 13, 2021, imposed a deadline of February 15, 2022, for Plaintiff to designate experts. Plaintiff filed the instant motion for leave to designate additional experts on March 25, 2022, almost six weeks after the expert designation deadline expired. Rule 16 governs this Court's decision of whether to grant the requested leave and extend the corresponding deadline in the parties' scheduling order.

Rule 16 of the Federal Rules of Civil Procedure provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This

1

"good cause" standard focuses on the diligence of the party seeking to modify the scheduling order. *S & W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). The movant must show that, despite his diligence, he could not reasonably have met the scheduling deadline. *Id.* In determining whether the movant has met its burden under Rule 16(b)(4), the court considers four factors: (1) the party's explanation; (2) the importance of the requested relief; (3) potential prejudice in granting the relief; and (4) the availability of a continuance to cure such prejudice. *Id.* at 536.

Defendants ask the Court to deny Plaintiff's motion because she failed to provide any explanation for her failure to seek leave within the expert designation deadline or to articulate the importance of the requested relief. Defendants also argue that granting the requested amendment to the parties' scheduling order will result in significant prejudice. The undersigned agrees.

Plaintiff's motion indicates that she desires to designate four additional treating physicians as non-retained experts: Premier Medical Imaging, Hill's Drug Store, Dr. Sanjay Misra, and Texas Vista Medical Center. The only reason for the late designation identified in Plaintiff's motion is that these are new treating physicians (with the exception of Texas Vista) with whom she established relationships after the Court-ordered medical examination of Plaintiff by Defendants' expert, which occurred on February 23, 2022. Plaintiff's motion indicates that she has not even received treatment from Dr. Misra but has an upcoming appointment with this physician. Plaintiff does not attempt to explain the importance of the opinions of these medical providers to the causes of action in this case or why she did not move for leave to designate them at an earlier date. Plaintiff has already designated several other treating physicians and providers as experts in this case, and she has not explained why the testimony of these additional four is necessary or should be allowed. The mere fact that Plaintiff has new medical appointments with

new providers while litigating this case is not in itself a sufficient basis to designate them as additional experts after the deadline to do so without establishing good cause for their late designation.

Additionally, the Court agrees with Defendants that allowing Plaintiff to designate additional experts at this late stage in the case will cause significant prejudice on Defendants. The discovery period expired on April 11, 2022. *Daubert* motions are due May 4, 2022, and dispositive motions on May 30, 2022. If the Court were to permit the additional designations, numerous deadlines in the parties' scheduling order would have to be continued to allow Defendants the opportunity to depose these new providers and engage in related discovery. The parties have already amended the deadlines in this case multiple times in the course of its trajectory and the final pretrial deadlines are quickly approaching. Plaintiff has not established good cause for her request for leave to designate additional experts, and the Court will deny the motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Supplemental Expert Designations [#38] is **DENIED**.

SIGNED this 14th day of April, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE