IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BEATRIZ CORINA GARCIA, | § § | |
| *Plaintiff,* | § § § | SA-21-CV-00409-JKP |
| vs. | § § § | |
| JOEL MICHAEL COURTOIS, POLARIS INDUSTRIES, INC., | § § § § | |
| *Defendants.* | § § | |

**ORDER**

    Before the Court in the above-styled cause of action is Defendants' Opposed Motion to Strike Plaintiff's Section 18.001 Affidavits [#47]. By their motion, Defendants ask the Court to strike the affidavits noticed by Plaintiff pursuant to Section 18.001, *et seq.*, of the Texas Civil Practices & Remedies Code. Defendants argue that Plaintiff cannot avail herself of this Texas state-court procedure to prove up the reasonableness and necessity of her medical expenses because the Texas Supreme Court has held that Section 18.001 is a procedural, not substantive, mechanism and is therefore inapplicable in federal court.

    Federal courts apply state substantive law and federal procedural law in diversity cases, like the case currently before the Court. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Federal district courts are split, however, as to whether Section 18.001 is a procedural or substantive provision of state law for purposes of the *Erie* doctrine. *Compare Akpan v. United States*, No. H-16-2981, 2018 WL 398229, at *3 (S.D. Tex. Jan. 12, 2018) (holding that Section 18.001 is procedural rule inapplicable in federal diversity cases) *with Gorman v. ESA Mgmt., LLC*, No. CV 3:17-CV-0792-D, 2018 WL 295793,

1

at *1–2 (N.D. Tex. Jan. 4, 2018) (finding Section 18.001 to be a substantive provision of Texas law applicable in diversity cases).  This split has persisted despite the Texas Supreme Court's characterization of Section 18.001 as "purely procedural."  *Haygood v. De Escabedo*, 356 S.W.3d 390, 397–98 (Tex. 2011).  The undersigned has sided with the courts that have determined the rule is procedural and should not apply in federal court but continues to grant unopposed motions for the use of Section 18.001 in a diversity action if both parties agree to the procedure.  The parties in this case have not sought permission from the Court to invoke the Section 18.001 procedure, and by their instant motion, Defendants make clear they are opposed to using the procedure.

Plaintiff's response in opposition to Defendants' motion was due on or before May 18, 2022.  *See* W.D. Tex. Loc. R. CV-7(d) (response to all motions other than discovery or case management motions due no later than 14 days after the motion's filing).  Plaintiff has not filed a response to the motion.  Therefore, the Court may grant the motion as unopposed.  *See id.*

In light of Plaintiff's lack of opposition to Defendants' motion, the Court will strike Plaintiff's notice of the filing of Section 18.001 medical affidavits.  Because the Section 18.001 procedure does not apply in this federal case, Plaintiff may rely on expert testimony for proving the reasonableness of her medical costs in accordance with the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that Defendants' Opposed Motion to Strike Plaintiff's Section 18.001 Affidavits [#47] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Notice of Filing Affidavit Concerning Cost and Necessity of Medical Services and Medical Records [#8] is hereby **STRICKEN** from the record.

**IT IS SO ORDERED.**

SIGNED this 23rd day of May, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE